People v Serrano (2025 NY Slip Op 00636)

People v Serrano

2025 NY Slip Op 00636

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Ind. No. 3271/14 Appeal No. 3381 Case No. 2017-02821 

[*1]The People of the State of New York, Respondent,
v
Andy Serrano, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered May 5, 2017, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, held in abeyance and the matter remanded in accordance with our decision herein.
The court should not have denied defendant's motion to dismiss the indictment based on the protracted delay between the date of the instant robbery offense in July 2012 and defendant's July 2014 indictment as time-barred without conducting a hearing pursuant to People v Singer (44 NY2d 241 [1978]).
"[A] determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (id at 254). However, "if commencement of the action has been delayed for a lengthy period, without good cause, the defendant may be entitled to a dismissal although there may be no showing of special prejudice" (id.). The responsibility to assure prompt prosecution and the burden to establish good cause for any delay rests with the prosecution (id.; People v Regan, 39 NY3d 459, 467 [2023]).
The People contend that defendant's prosecution was delayed because federal prosecutors in the Southern District of New York, who charged defendant in June 2013 for a separate gun possession charge in the Bronx following a July 31, 2012 arrest, were exploring jurisdiction over the instant offense and whether defendant could serve as a cooperator on other investigations. However, the People did not present any evidence as to whether they contacted federal prosecutors between defendant's July 31, 2012 arrest for gun possession and May 2014, when the People learned federal prosecutors were unable to obtain defendant's cooperation or jurisdiction over the instant robbery offense. The People also failed to adequately explain the delay in obtaining a new search warrant for defendant's cell phone and do not dispute that shortly after the offense, they already gathered extensive evidence against defendant to move forward with the instant charges, which defendant was not aware of until after the 45-day time limit to file a pretrial motion to dismiss pursuant to CPL 255.20[1] expired (see CPL 255.20[3]).
Accordingly, upon remand, the order denying the motion to dismiss is vacated, the motion is restored, and the appeal is held in abeyance pending the Supreme Court's determination following a hearing pursuant to People v Singer.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025